| | | |
|---|---|---|
| **MARCUS POUSSON and GABRIEL POUSSON** | : | **31ˢᵗ JUDICIAL DISTRICT COURT** |
| VS. NO. C-670-23 | : | **PARISH OF JEFFERSON DAVIS** |
| **TC LOUISIANA INTRASTATE PIPELINE, LLC and TROY CONSTRUCTION, LLC TEXAS** | : | **STATE OF LOUISIANA** |
| FILED: December 15, 2023 | : | **DEPUTY CLERK OF COURT** |

## PETITION FOR BREACH OF CONTRACT AND DAMAGES

NOW INTO COURT, through undersigned counsel, advances the petitioners, MARCUS POUSSON and GABRIEL POUSSON (hereinafter referred to collectively as "Plaintiffs"), who respectfully petition this Honorable Court for a judgment finding the Defendant herein in breach of the applicable servitude and right-of-way agreement and liable for damages caused by Defendant's construction of a pipeline and related activities that substantially and continuously harm the petitioners, petitioner's land, petitioner's farming operations, and petitioners' legal interests. Upon information and belief, petitioners make the following allegations:

1.

Plaintiffs are:

a.   **MARCUS POUSSON**, a person of the full age of majority, domiciled in Jefferson Davis Parish, Louisiana, whose physical mailing address is 14678 Oilfield Road, Welsh, Louisiana 70591; and

b.   **GABRIEL POUSSON**, a person of the full age of majority, domiciled in Jefferson Davis Parish, whose physical mailing address is 11310 Pecan Orchard Road, Welsh, Louisiana 70591.

2.

Made defendants herein are:

a.   **TC LOUISIANA INTRASTATE PIPELINE, LLC** (referred to herein as "TC"), a foreign limited liability company licensed to and doing business in this state who may be served through its registered agent for service of process to-wit: Corporation Service Company, 450 Laurel Street, 8ᵗʰ Floor, Baton Rouge, LA 70801; and

1

**EXHIBIT 1**

b. **TROY CONSTRUCTION, LLC TEXAS** (referred to herein as "Troy"), a foreign limited liability company licensed to and doing business in this state who may be served through its registered agent for service of process to-wit: Corporation Service Company, 450 Laurel Street, 8th Floor, Baton Rouge, LA 70801.

Both TC and Troy referred to herein collectively as "Defendants".

3.

Venue is proper in Jefferson Davis Parish pursuant to Louisiana Code of Civil Procedure article 76.1 as the parish where the work was performed under the terms of the contract.

4.

Plaintiffs granted TC a servitude and right-of-way to construct, operate, and maintain a thirty-six (36) inch pipeline on property owned by the Plaintiffs and used by them to farm rice and crawfish. The property is adjacent to the frontage road and Interstate 10 in Jefferson Davis Parish, Louisiana, as shown by the Servitude and Right of Way Agreement (hereinafter referred to as the "Agreement") attached hereto and incorporated herein by reference as "Exhibit A".

5.

TC hired Percheron, LLC to handle certain negotiations regarding the pipeline, including the negotiations for the Agreement with Plaintiff.

6.

During negotiations for the agreement, Plaintiffs were explicitly advised by Steven Broomfield, an employee of Percheron, LLC acting on behalf of TC, that no directional drilling activities related to constructing the pipeline below Interstate 10 would be conducted on their property, and, if it became necessary to use their property for such activities, an additional agreement would have to be executed and further compensation paid to Plaintiffs.

7.

Section 1. of the Agreement clearly shows that Plaintiffs granted TC the rights to construct, operate, and maintain a pipeline on *Plaintiffs'* property only. As Mr. Broomfield, on behalf of the Defendant, correctly told Plaintiffs, nothing in the agreement gives the Defendants the right to use Plaintiffs' property to conduct extensive directional drilling activities for the construction of a pipeline on adjacent property.

8.

TC hired Troy to handle construction of the pipeline on the Plaintiffs' and adjacent property. Troy, on behalf of TC, conducted and oversaw all operation on Plaintiff's property, including all directional drilling activities.

9.

Despite the Defendants lacking the right to do so and TC's express representations to the contrary, the Defendants dug a large gaping hole approximately twenty (20) feet deep on Plaintiffs' property and then used that hole to directionally bore underneath Interstate 10. The Defendant also dug several smaller holes and pits on Plaintiffs' property which it used to store, mix, and improperly dispose of drilling mud and cuttings.

10.

Paragraph three of Section 1 of the Agreement explicitly requires the Defendants to use dry dirt when filling any holes that it may dig.

11.

Despite the Agreement's dry dirt requirement, an ample supply of dry dirt stacked next to the holes and pits, and the drought which was ongoing throughout the time the Defendants conducted the activities alleged herein, the Defendants filled the holes and pits it dug with mud, wet cuttings from its directional drilling activities, and drilling mud. The only dry dirt used to fill the holes was a thin layer on top which attempted to disguise the Defendant's blatant disregard for the Agreement.

12.

The method used by the Defendant to fill the holes and pits prevents the improperly filled area from drying to a point where Plaintiffs can effectively farm such areas. The filled areas will not be dry enough to support the farm machinery needed to cultivate, plant, and harvest Plaintiffs' crops and will be a permanent bog hole that will deteriorate Plaintiffs' farming equipment.

13.

It is common knowledge within the pipeline construction industry that drilling mud and cuttings are highly toxic and hazardous. These fluids contain metals such as chromium, barium, and arsenic, as well as oil and other hydrocarbon fractions. Drilling fluids also contain toxic

additives such as bactericides, slimicides, and acids. Further, drilling fluids have been demonstrated to be acutely toxic to aquatic organisms. In fact, a 1982 American Petroleum Institute Study documented the uptake of toxic heavy metals by plants near drilling mud pits.

14.

The Defendant knew or should have known that their improper storage and disposal of drilling mud and cuttings would cause the soil, surface waters and groundwater of Plaintiffs' property to be contaminated with the substances described in paragraph 12 above. Rather than remove these substances during and after its directional drilling activities, the Defendant chose to conceal and cover up their contamination. This concealment and cover up was routine practice and has continued to date. The Defendant's failure to responsibly and timely remove or remediate this toxic pollution in the soils and groundwater of Plaintiffs' Property has allowed the pollution to migrate and spread. The Defendant's pollution has now permanently damaged the drinking water and other aquifers underlying the Plaintiffs' Property.

15.

The Defendants are also liable to Plaintiffs under La. Civ. Code art. 667 of the Civil Code for the damages caused by their improper filling of the holes and pits as well as their improper handling, storage, discharge, and disposal of toxic and hazardous waste on Plaintiffs' property.

16.

Further, for an undetermined length of time, the Defendant has stored toxic pollution and waste in the groundwaters and soils underlying the plaintiff's lands. The Defendant has derived substantial economic benefits from this storage in that their use of the subsurface of Plaintiffs' lands has allowed them to avoid the substantial costs and expenses associated with the proper disposal of this toxic pollution and waste. Thus, Plaintiffs are entitled to the civil fruits derived from defendants' trespass, for La. Civ. Code art. 486 provides that a possessor in bad faith is liable for the "fruits he has gathered or their value subject to his claim for reimbursement of expenses." Alternatively, even if storage costs are not technically deemed "civil fruits," Plaintiffs are entitled to the economic value of said storage, or the value of the rental of said storage.

4

17.

As a direct result of the above described acts and omissions of the Defendant, Plaintiffs have suffered damages to its Property occasioned by the nuisance created by the Defendant. Plaintiffs have also sustained damages occasioned by the diminution in the value of its Property, including stigma damages.

18.

Due to the activities of the Defendant in polluting the soils, groundwater and surface waters of the Plaintiffs' property, and the continuing trespass of the defendant resulting from the continued presence of contaminants in said soils, groundwater, and surface water, and to the extent plaintiff is not entitled to a damage remedy, plaintiff is entitled to a prohibitory and mandatory permanent injunction: (a) requiring that the Defendant remove the contamination they have caused to be deposited in the groundwater and soils underlying Plaintiffs' lands; (b) ordering the Defendant to remove any contamination they have caused to be deposited in the groundwater and soils underlying the Plaintiffs lands; (c) ordering the Defendant to restore any land lost as a result of Defendant's acts, omissions, conduct, or violations of any provision of public or private law as outlined in this petition; and (d) correcting any land damages caused.

19.

Plaintiffs are entitled to recover money damages equal to the cost to conduct a comprehensive and expedited environmental assessment of all present and yet unidentified pollution and contamination of their property.

20.

The Defendant has not attempted to recover, handle, treat or dispose of any of the contamination at issue. It is expected that the Defendant will contend that natural attenuation is an acceptable method of remediating the contamination. The use of natural attenuation as a remediation method involves the storage of contamination at issue in the soils and groundwaters underlying the property for a period of time sufficient to allow natural processes to eliminate such contamination. Plaintiffs specifically alleges that the property cannot be feasibly remediated by means of natural attenuation. Thus, to the extent that natural attenuation is used, or will be used, as a remediation method to remediate the property, Plaintiffs are entitled to reasonable

5

compensation for the storage of waste on their property, including rental or economic value of said storage, and the cost of institutional controls employed to effectuate any natural attenuation remedy, including damages for loss of use of the property.

21.

Petitioners are entitled to damages reasonable under the premise for trespassing on the subject property, together with reasonable attorney's fees, litigation expenses and court costs for having to bring the instant action.

22.

Alternatively, and to the extent that the Plaintiffs have no other remedy available by law, the Defendants are liable for unjust enrichment damages, as the Defendants have been unjustly enriched by its unauthorized use of plaintiffs' lands to construct a pipeline underneath adjacent lands and store and dispose of toxic and hazardous contamination.

**WHEREFORE**, Plaintiffs, MARCUS POUSSON and GABRIEL POUSSON, pray that the Defendant be cited to appear and answer this petition and that after due proceedings be had, that there be judgment entered herein as follows:

a. Awarding Plaintiffs all compensatory damages allowed by Louisiana law in an amount to be proven at trial, including payment of the civil fruits resulting from the Defendant's illegal and bad faith trespass on Plaintiffs' property, payment of the costs to restore polluted lands to its original condition, storage damages, property damages, lost profits and income, and any further damages for the loss of use and costs of backfilling the holes and pits.

b. Ordering a mandatory and prohibitory injunction to require the Defendant to dig out and back-fill any holes or pits as required by the servitude agreement.

c. Ordering the Defendant to pay Plaintiffs sufficient funds so that Plaintiffs may conduct a comprehensive and expedited environmental assessment of Plaintiff's land to identify all hidden or not yet identified pollution.

d. Awarding Plaintiffs damages for diminution in property value before and after restoration and stigma damages.

e. Awarding Plaintiffs all costs of this suit and for legal interest therein for any amount awarded from the date of judicial demand until paid and reasonable attorney fees.

RESPECTULLY SUBMITTED,

DAVID P. BRUCHHAUS (#24326)
CHAD E. MUDD (#25188)
MATTHEW P. KEATING (#30911)
M. KEITH PRUDHOMME (#14336)
WESLEY A. ROMERO (#33344)

6

JAMIE C. GARY (#29203)
LENZI C. HEBERT (#38544)
ELLIOTT C. CASSIDY (#35400)
**MUDD, BRUCHHAUS & KEATING, LLC**
422 E. College Street, Suite B
Lake Charles, LA 70605
Telephone: (337) 562-2327
Facsimile: (337) 562-2391
Email: dbruchhaus@mbklaw.net

*Attorneys for Plaintiffs, MARCUS POUSSON and GABRIEL POUSSON*

**SERVICE INSTRUCTIONS:**

Please served Defendants, TC LOUISIANA INTRASTATE PIPELINE, LLC, and TROY CONSTRUCTION, LLC TEXAS as outlined in the Petition.



Jefferson Davis Parish Clerk of Court
P.O. Box 799
Jennings, LA 70546

Phone (337) 824-1160

**Richard M. Arceneaux**
Clerk of Court
Parish of Jefferson Davis

**Instrument Number: 737191**

**Book/Index:** COB
**Document Type:** RIGHT OF WAY
**Recording Date:** 6/29/23 9:38:26 AM
**Page Count:** Scanned Page Count: 9    not including this page

**Grantor 1:** POUSSON, GABRIEL
**Grantee 1:** T C LOUISIANA INTRASTATE PIPELINE L L C

COB: 737191

THIS PAGE IS RECORDED AS PART OF YOUR DOCUMENT AND
SHOULD BE RETAINED WITH ANY COPIES.



EXHIBIT
A






**Diron Rice**

**Certified True
And Correct
Copy**
eCertId: 000002359    **Richard M. Arceneaux**
**Jefferson Davis Parish Clerk of Court**

Generated Date:
12/08/2023 10:24 AM







Prepared by and after recording return to:

TC Louisiana Intrastate Pipeline, LLC
700 Louisiana Street, Suite 1300
Houston, TX 77002

Tract #(s): LA-JD-0065.000

## SERVITUDE AND RIGHT OF WAY AGREEMENT

THIS SERVITUDE AND RIGHT OF WAY AGREEMENT (this "**Agreement**"), is made as of this 30 day of May , 2023 by and between Marcus Pousson, whose address is 103 Pecan Orchard Rd, Welsh, LA 70591 and Gabriel Pousson, whose address is 11310 Peach Orchard Rd, Welsh, LA 70591 (whether one or more, the "**Grantor**"), and TC Louisiana Intrastate Pipeline, LLC, a Delaware limited liability company, whose address is 700 Louisiana Street, Suite 1300, Houston, TX 77002 (the "**Grantee**"). Grantor and Grantee are hereinafter sometimes referred to individually as a "**Party**" and collectively as the "**Parties**."

WHEREAS, Grantor is the present owner of certain real property being described in that certain Cash Deed, dated 5-6-22, from Donna Comier Moore to Marcus Joseph Pousson and Gabriel Pousson recorded in the Parish Clerk's Office for Jefferson Davis Parish, Louisiana Instrument Number 730736, with property tax parcel identification number 600334804, (the "**Property**"); and

WHEREAS, Grantee desires the right to create and make use of an servitude and right of way in connection with the construction, operation, and maintenance of Grantee's TC Louisiana Intrastate Pipeline Project (the "**Project**" as defined below), on, over, under, across, and through Grantor's Property, which servitude and right of way is more particularly described in Exhibit A attached hereto and incorporated herein.

NOW THEREFORE, in consideration of the sum of Ten Dollars ($10.00) and other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, and in further consideration of the mutual covenants and promises contained herein, the Parties hereto, intending to be legally bound, hereby promise and agree as follows:

1. **Grant of Permanent Servitude and Right of Way.** Grantor, for itself, its heirs, executors, administrators, successors and assigns, hereby grants, sells, conveys and warrants to Grantee, for itself, its employees, agents, contractors, subcontractors, successors and assigns, a Permanent Servitude and Right of Way to survey, excavate, fabricate, lay, construct, install, inspect, operate, make use of, maintain, repair, replace, alter, improve, upgrade, reconstruct, remove and install one pipeline, not to exceed 36" in diameter, above and below ground equipment and appurtenances thereto, including, but not limited to, roadways, fittings, launchers, receivers, cathodic protection equipment, pipeline markers, overhead or underground electric lines, regulators (collectively, the "**Project**") for the transportation of natural gas, hydrocarbon, petroleum products, petroleum byproducts, and any of their constituents, water and/or any other substances that can be transported through pipelines, on, over, under, across and/or through a strip of land 50 feet in width, as more particularly described in Exhibit A (the "Permanent Servitude" or "**Right of Way**") together with all rights and privileges in and to the Property necessary or convenient to and for Grantee's full use of the rights herein granted. Such rights include but are not limited to accessory rights necessary for the use of the servitude including but not limited to the rights of ingress and egress, as reasonably necessary and in a reasonable manner, at any time, without notice, to, from, or along the property subject to the servitude across the adjoining land of Grantor, including, but not limited to, the passage of vehicles and equipment.

The permanent servitude granted herein shall be deemed abandoned and terminated if Grantee does not use the pipeline for the transportation of natural gas, hydrocarbon, petroleum products, petroleum byproducts, and any of their constituents, water and/or any other substances that can be transported through pipelines, for a period of ten (10) consecutive years. Should the permanent servitude be abandoned or terminated, Grantee shall at its own cost and expense, with reasonable promptness, purge the Pipeline of product, fill the line with an inert substance, and abandon the Pipeline in place, all in compliance with all Federal and State laws and regulations, and otherwise reasonably restore the Servitude Area and Property to the same condition in which they were prior to the execution of this Agreement as reasonably practical, all in compliance with all Federal and State laws and regulations.

The pipeline to be laid and constructed under this Agreement shall be installed at a depth of at least forty-eight (48") below the surface of the ground as it exists at the time of the commencement of the laying and construction of the pipeline across the Property. During any excavation for construction or replacement of a pipeline across the Property, Grantee shall only use dry dirt when

1



Certified True And Correct Copy
eCertId: 000002359 **Richard M. Arceneaux** Jefferson Davis Parish Clerk of Court

Generated Date: 12/08/2023 10:24 AM





covering any trenches used for the construction and installation of the pipeline. Grantee shall conduct its excavations in such a manner as to assure that any top soil removed, up to a maximum depth of twelve inches (12"), is placed separate from the clay or other subsurface soil excavated. Also, Grantee will replace such segregated top soil back in its ditch so that the segregated top soil and subsurface soil are put in the same position in the ground as before excavation. Soil shall be compacted in a manner reasonably approved by Grantee.

**Temporary Servitude Area**. In addition to the Permanent Servitude and Right of Way granted hereunder, Grantor hereby grants and affirms to Grantee the use of those portions of Grantor's Property as may be delineated as "Temporary Work Space", "Additional Temporary Work Space" and/or "Staging Area", or any other such temporary use areas, (collectively, the **"Temporary Servitude Area"**) on Exhibit A for all purposes associated with Grantee's activities associated with the original construction and installation of the Project upon the Property, from pre-construction activities through post-reclamation, restoration and mitigation regulatory permitting close-out/acceptance. This Temporary Servitude shall commence on the date of this Agreement and terminate upon December 31, 2025. Grantee shall complete all construction, restoration and post-reclamation activities by June 1, 2024. After construction is complete, Grantee will use the "Temporary Work Space", "Additional Temporary Work Space" and/or "Staging Area" to inspect the construction site for any post construction issues. Grantee does not believe that these post construction activities will interfere with Grantor's agricultural operations and Grantor may fully plant these areas. In the event that Grantee's post construction activities damage Grantor's crops or otherwise interfere with Grantee's agricultural operations, Grantee shall fully compensate Grantor for any such damages.

Notwithstanding the foregoing or anything to the contrary contained herein, Grantor shall be allowed to complete Grantor's harvest of the 2023 crawfish crop and/or 2023 rice crop (1st cut only) prior to any construction activity. Grantor's right to harvest Grantor's crop shall not extend beyond September 1, 2023. If Grantor completes the harvest of the 2023 crop prior to September 1, 2023, Grantee shall be allowed to commence its construction activity. If Grantee's construction activities commence before the 2023 crop is harvested and such activities damage Grantee's crops or otherwise interfere with Grantor's agricultural operations, Grantee shall fully compensate Grantor for any such damages. In the event that Grantor has not harvested its crops by September 1, 2023, Grantee will not be responsible for any crop damages for the 2023 growing season.

2. **Payment of Damages.** Following the completion of initial construction, post-reclamation and restoration of the Property, in the event of Grantee's subsequent exercise of rights hereunder, **unless** otherwise expressly agreed between Grantee and Grantor, Grantee agrees to pay to Grantor, commercially reasonable and objectively provable damages shown to have been directly caused by Grantee's exercise of rights hereunder, related to Grantee's use of the Right of Way or of the Property. Nothing in this section shall be construed to confer upon or give to any third party any benefit, right, remedy or claim under this Agreement.

3. **Location.** Grantor and Grantee acknowledge that the actual location of the Permanent Servitude and/or Temporary Servitude Area may change because of engineering and/or other site or construction related factors. In such event, Grantor agrees to execute and deliver to Grantee any additional documents needed to correct the legal description of the Permanent Servitude and/or Temporary Servitude Area to conform to the actual location of the Permanent Servitude and/or Temporary Servitude Area. If such documents are required, they will be prepared by Grantee at Grantee's expense. Grantee must obtain the written consent of Grantor of the change in the actual location of the Permanent Servitude and/or Temporary Servitude Area.

4. **Grantor's Continuing Rights / Encroachments**. Grantor may fully use and enjoy the Permanent Servitude and the Temporary Servitude Area to the extent that such use and enjoyment does not interfere with Grantee's rights under this Agreement or create an actual or potential hazard to the Project or Grantee's exercise of its rights hereunder; provided, however, in no event shall Grantor (i) place or permit to be placed any temporary or permanent structure or encroachment of any kind, including but not limited to buildings, mobile homes, trees, telephone poles or wires, electric poles or wires, water or sewer lines, fences, meters or utility boxes, paved roads or passage ways or the like, in, on, over, or under the Permanent Servitude and/or the Temporary Servitude Area (during the term of the Temporary Servitude area), unless specifically approved in writing by Grantee, (ii) excavate or otherwise alter the ground elevation or otherwise create a water impoundment over the Permanent Servitude and/or the Temporary Servitude Area (during the term of the Temporary Servitude Area), (iii) change the depth of cover over the Permanent Servitude and/or the Temporary Servitude Area (during the term of the Temporary Servitude Area) containing an installed pipeline or facility, without the prior written consent of Grantee, and (iv) store any materials of any kind or operate or allow to be operated any heavy machinery or equipment over Permanent Servitude and/or the Temporary Servitude Area (during the term of the Temporary Servitude Area), nor

**Certified True And Correct Copy** eCertId: 000002359  **Richard M. Arceneaux** Jefferson Davis Parish Clerk of Court

Generated Date: 12/08/2023 10:24 AM



2

COB: 737191; Page: 2; Filed: 6/29/2023 9:38:26 AM [jeffersondavis; DR]

cause the Permanent Servitude and/or the Temporary Servitude Area (during the term of the Temporary Servitude Area) to be covered by standing water, except in the course of normal seasonal irrigation. Grantee shall have the right to clear the Permanent Servitude and Temporary Servitude Area of all such encroachments, and clear, cut, trim and remove any and all trees, brush, shrubbery, overhanging branches, even if such overhanging branches originate on trees outside of the servitude or other vegetation from the Permanent Servitude and Temporary Servitude Area, using methods now or in the future used in the vegetation management industry or permitted by law, and Grantee shall have no liability to Grantor or any third parties for any claims, damages or other losses associated with Grantee's exercise of its rights to clear the Permanent Servitude and/or Temporary Servitude Area of all encroachments and vegetation. Grantee shall have the further right to remove or modify trees or other vegetation growing outside of the Permanent Servitude or Temporary Servitude Area which Grantee considers a risk or interference with its use of the Permanent Servitude or Temporary Servitude Areas, subject to the obligation to compensate Grantor for the value of the trees removed. Grantor agrees to abide by Grantee's reasonable guidelines related to the safe operation and inspection of its pipelines and facilities and maintenance of the Permanent Servitude and Temporary Servitude Area. Grantor further agrees not to convey any other rights of way or other conflicting rights within the Permanent Servitude and/or Temporary Servitude Area to any third parties without the prior written consent of Grantee, which will not be unreasonable withheld.

5.    **Compliance with Applicable Laws**. Grantee shall comply with all applicable federal, state and local laws, regulations, orders and rules related to the exercise of Grantee's rights hereunder and each pipeline shall be installed at a depth conforming with industry standards and the requirements of applicable laws. Grantor shall not interfere with nor hinder, and shall lend all reasonable assistance with respect to, any Grantee activities which may be reasonably necessary to comply with governmental or regulatory laws, regulations, rules or orders.

6.    **Gas Service**. Grantor forever waives any present or future statutory, regulatory, judicial or contractual right which Grantor has or may have to receive gas service from any pipeline laid under this Agreement and, further, Grantor forever releases Grantee, from any present or future statutory, regulatory, judicial or contractual obligation, Grantee has, or may have, to provide natural gas service from any of its pipelines or storage facilities to any and all residences or structures on Grantor's Property.

7.    **Indemnity**. Grantee agrees to indemnify and hold harmless Grantor from, against and in respect of any and all liability, claims, damages, costs, and losses of whatever character (collectively, the "**Claims**") arising from personal injury or death or damage to property of Grantor and any and all Claims of whatever character asserted by third parties, to the extent such Claims result from the negligence, gross negligence or willful misconduct of Grantee, its employees, agents, contractors and subcontractors in connection with the exercise of Grantee's rights under this Agreement. Grantor agrees to indemnify and hold harmless Grantee and its affiliates, subsidiaries, successors and assigns from, against, and in respect of any and all Claims arising from personal injury or death or damage to property of Grantee, its employees, agents, contractors, and subcontractors and any and all Claims of whatever character asserted by third parties, to the extent such Claims result from the negligence, gross negligence or willful misconduct of Grantor or Grantor's invitees or licensees.

Notwithstanding the foregoing or anything to the contrary contained herein, Grantor acknowledges and agrees that Grantee has compensated Grantor, in advance, for any and all damages, costs and expenses which may arise out of, are connected with, or relate in any way to Grantor's conveyance, or Grantee's exercise, of the rights set forth herein, including but not limited to, any and all tree, crop, plant, timber, harvest or yield loss damages, or any other damages, costs and expenses attributable to or arising from Grantee's proper execution of the initial construction, mitigation, and restoration activities within the Permanent Servitude and Temporary Servitude Area and the proper installation, presence, maintenance or operation of the Project upon the Property. Notwithstanding the foregoing, nothing contained herein shall be construed to release Grantee from liability for any damages, costs or expenses that were not part of the original compensation or caused solely by the negligence, gross negligence or willful misconduct of Grantee. Nothing in this section shall be construed to confer upon or give to any third party any benefit, right, remedy or claim under this Agreement.

8.    **Further Assurances**. Grantor shall execute and deliver such further instruments and take such other actions as may be reasonably requested by Grantee from time to time to effectuate, confirm or perfect the terms and intent of this Agreement and the rights granted to Grantee hereunder, including but not limited to joining in the execution of any and all governmental applications, authorizations, licenses, documents and title curative instruments.

9.    **Additional Rights**. The Parties acknowledge that on Permanent Servitude (and Temporary Servitude Area) pipeline construction-related work and activities sometimes gives rise to the need to make use, temporarily, of additional "Temporary Workspace Areas". By way of example and not limitation, for dewatering purposes and for restoration and reclamation purposes. The Parties agree,

**Certified True And Correct Copy**
eCertId: 000002359

**Richard M. Arceneaux**
Jefferson Davis Parish Clerk of Court

Generated Date: 12/08/2023 10:24 AM



3



accordingly, that should such needs arise, in the ordinary course of Grantee's exercise of its rights hereunder, Grantee shall have the right to make use of such necessary additional Temporary Workspace Areas without further agreement or documentation of same, all such use being subject to the terms of this Agreement. In such instance, Grantee will compensate Grantor for said temporary use utilizing the same dollar per square foot formula utilized in determining the consideration for the Temporary Servitude Area, adjusted, as may be appropriate, for demonstrable changes in market conditions. In addition, Grantor shall be entitled to Damages, if any, pursuant to the terms of Paragraph 3 above. In no event shall Grantee's temporary use of such additional Temporary Workspace Areas be deemed a trespass or a violation of law, or this or any other agreement.

10.    **Successors and Assigns.** This Agreement and the covenants and agreements contained herein are covenants running with the land, and shall be binding on and shall inure to the benefit of the Parties hereto and their respective heirs, successors, assigns, executors, administrators, and legal representatives. Without limitation, Grantee may assign its rights and interests (and obligations) arising under this agreement in conjunction with its sale or assignment, in whole or in part, of the facilities and/or the greater Project of which they are a part. Grantee shall provide Grantor copies of any assignment within thirty (30) days of the execution of said assignment.

11.    **Severability.** In the event any provision or any portion of any provision of this Agreement is held by a court of competent jurisdiction to be invalid or unenforceable by reason of any law or public policy, such provision or portion thereof shall be considered to be deleted, and the remainder of this Agreement shall constitute the agreement between the Parties hereto covering the subject matter hereof.

12.    **Entire Agreement; Modification.** This Agreement and any exhibits attached hereto constitutes the full and entire agreement of the Parties regarding the subject matter hereof and supersedes all prior or contemporaneous verbal or written agreements, representations or understandings pertaining thereto. This Agreement may be modified or amended only by a written agreement signed by each of the Parties hereto.

13.    **Third Party Benefits.** Unless expressly provided for in this Agreement, nothing contained in this Agreement shall be construed to confer upon or give to any third party any benefit, right, remedy or claim under or by reason of this Agreement or any part hereof.

14.    **Governing Law.** This Agreement shall be governed by the laws of the State or Commonwealth in which the Property is located, without regard to conflicts laws or choice of law rules thereof.

15.    **Authority.** Each Party and signatory to this Agreement represents and warrants to the other Party that it has full power, authority and legal rights, and has obtained all approvals necessary, to execute, deliver and perform this Agreement. Grantor binds itself, its heirs, successors, assigns, executors, administrators, and legal representatives to warrant and forever defend the interests and rights conveyed herein unto Grantee, its successors and assigns, against every person whomsoever lawfully claims the same or any part thereof.

16.    **Counterparts.** This Agreement may be executed in any number of counterparts, each of which shall constitute an original, but all of which shall constitute but one and the same instrument.

[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK;
SIGNATURE PAGE FOLLOWS]

COB: 737191; Page: 4; Filed: 6/29/2023 9:38:26 AM [jeffersondavis: DR]



**Certified True And Correct Copy**
eCertId: 000002359

**Richard M. Arceneaux**
Jefferson Davis Parish Clerk of Court

4

Generated Date:
12/08/2023 10:24 AM



**IN WITNESS WHEREOF**, the Parties have executed this Agreement as of the day and year first above written.

**WITNESSES:**

Nenzi C. Hebert

Joan Winans

**GRANTOR:**

_____

MARCUS POUSSON

STATE OF *Louisiana*

COUNTY/PARISH OF *Jefferson Davis*, to-wit:

The foregoing instrument bearing date of _____, 20__, was executed and acknowledged before me, the undersigned officer, by *Marcus Pousson*, who personally appeared and is known or proved to me to be the person described in and who executed the foregoing instrument, and acknowledged that he/she executed it as his/her free act and deed.

Given under my hand and official seal this 87th day of April, 2023.

My commission expires *at death*

_____

[SEAL]                    Notary Public

**Karen Kenvyn Edmondson**
Notary Public- #61584
Jefferson Davis Parish, LA

**WITNESSES:**

Nenzi C. Hebert

Joan Winans

**GRANTOR:**

_____

GABRIEL POUSSON

STATE OF *Louisiana*

COUNTY/PARISH OF *Jefferson Davis*, to-wit:

The foregoing instrument bearing date of _____, 20__, was executed and acknowledged before me, the undersigned officer, by *Gabriel Pousson*, who personally appeared and is known or proved to me to be the person described in and who executed the foregoing instrument, and acknowledged that he/she executed it as his/her free act and deed.

Given under my hand and official seal this 07th day of April, 20 23

My commission expires *at death*

_____

Karen Kenvyn Edmondson
Notary Public- #61584
Jefferson Davis Parish, LA

[SEAL]                    Notary Public

[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK; SIGNATURE PAGE FOLLOWS]

5



Certified True
And Correct
Copy
eCertId: 000002359   **Richard M. Arceneaux**
Jefferson Davis Parish Clerk of Court

Generated Date:
12/08/2023 10:24 AM



**WITNESSES:**

**GRANTEE:**

TC Louisiana Intrastate Pipeline, LLC
a Delaware limited liability company

Stephanie Sassi
Stephanie Sassi

By: _____
Name: _____
Grant J. Smith
Title: _____
U.S. Projects Land Manager

STATE OF _Texas_

COUNTY/PARISH OF _Harris_ , to-wit:

The foregoing instrument bearing date of _May 30, 2023_ was executed and acknowledged before me, the undersigned officer, by _Grant Smith_ , who personally appeared and is known or proved to me to be the person described in and who executed the foregoing instrument, and acknowledged that he/she executed it as his/her free act and deed.

Given under my hand and official seal this _30th_ day of _May_ 20_23_

My commission expires _June 24, 2023_ .

Nancy Babcock

[SEAL]

NANCY BABCOCK
My Notary ID # 126150280
Expires June 26, 2023

Notary Public

**WITNESSES:**

**GRANTEE:**

TC Louisiana Intrastate Pipeline, LLC
a Delaware limited liability company

Stephanie Sassi
Stephanie Sassi

By: _____
Name: _____
Andrew Greig
Title: _____
Manager, Land Services
And as Authorized Signatory

STATE OF _Texas_

COUNTY/PARISH OF _Harris_ , to-wit:

The foregoing instrument bearing date of _May 30, 2023_ was executed and acknowledged before me, the undersigned officer, by _Andrew Greig_ , who personally appeared and is known or proved to me to be the person described in and who executed the foregoing instrument, and acknowledged that he/she executed it as his/her free act and deed.

Given under my hand and official seal this _30th_ day of _May_ , 20_23_

My commission expires _June 24, 2023_

Notary Public

[SEAL]

NANCY BABCOCK
My Notary ID # 126150280
Expires June 26, 2023

6

Certified True
And Correct
Copy

Richard M. Arceneaux
Jefferson Davis Parish Clerk of Court

Generated Date:
12/08/2023 10:24 AM



**EXHIBIT A**

SERVITUDE AND RIGHT OF WAY

COB: 737191: Page: 7: Filed: 6/29/2023 9:38:26 AM [jeffersondavis: DR]


Certified True And Correct Copy
eCertId: 000002359  **Richard M. Arceneaux**
Jefferson Davis Parish Clerk of Court

Generated Date:
12/08/2023 10:24 AM


EXHIBIT "A"

# JEFFERSON DAVIS PARISH, LOUISIANA

SECTION 28, TOWNSHIP 9 SOUTH, RANGE 4 WEST

VICINITY MAP
N.T.S.

N

Graphic Scale in Feet

600'    300'    0    600'

℄ OF PROPOSED SERVITUDE

S FRONTAGE RD.

S 73°19'35" E - 2,038.30'

P.O.C.
FOUND 2" I.P.
NW COR. SEC. 28
N 030°14'48.63"
W 092°47'31.17"

℄ OF 20' TEMP.
ACCESS
(993.77 FEET)

P.O.B.
N 030°14'43.09"
W 092°47'08.85"

29,879 SQ. FT.
A.T.S.

SEE DETAIL "A"

### LINE TABLE

| NUMBER | BEARING | LENGTH |
|---|---|---|
| L1 | S 18°27'38" E | 2,156.42' |

L1

150' X 200'
A.T.S.

25'
50'

4,232 SQ. FT.
A.T.S.

(600334802)
MARCUS JOSEPH POUSSON, ET AL
CALLED 72.66 ACRES
ENTRY No. 730736
J.D.P.D.R.

P.O.T.
N 030°14'22.93"
W 092°47'00.77"

50' X 200'
A.T.S.

25'

15'    45'

℄ OF PROPOSED
SERVITUDE    DETAIL "A"
NOT TO SCALE

S 44°01'06" E
3,022.16'

SE COR. SEC. 28
N 030°13'56.05"
W 092°46'30.10"

### LEGEND

| | |
|---|---|
| P.O.C. | POINT OF COMMENCEMENT |
| P.O.B. | POINT OF BEGINNING |
| P.O.T. | POINT OF TERMINATION |
| A.T.S. | ADDITIONAL TEMPORARY SERVITUDE |
| I.R. | IRON ROD |
| I.P. | IRON PIPE |
| CONC. MON. | CONCRETE MONUMENT |
| FNC. CNR. | FENCE CORNER |
| N.T.S. | NOT TO SCALE |
| J.D.P.D.R. | JEFFERSON DAVIS PARISH DEED RECORDS |
| ● | FOUND MONUMENT - AS DESCRIBED |
| ○ | POINT OF INTERSECTION |
| | PROPERTY LINE |
| | CENTERLINE OF PERMANENT SERVITUDE |
| | SECTION LINE |

NOTES:
1. THIS DRAWING IS NOT TO BE CONSTRUED AS A BOUNDARY SURVEY. LOCATION OF BOUNDARY LINES SHOWN IS MADE USING DOCUMENTATION AND FIELD EVIDENCE MADE AVAILABLE TO THE SURVEYOR AT THE TIME THE SURVEY WAS MADE ON THE GROUND. BASIS OF BEARING: NAD83, LOUISIANA STATE PLANES, SOUTHERN ZONE, US SURVEY FOOT.

I, WILLIAM J. CASH JR., A PROFESSIONAL LAND SURVEYOR, HEREBY CERTIFY THAT THIS SURVEY WAS PREPARED UNDER MY DIRECT SUPERVISION AND CONTROL, THAT IT CONFORMS TO LAC TITLE 46:LXI : 2019 FOR ROUTE SURVEYS TO THE BEST OF MY KNOWLEDGE AND BELIEF.

DATED THIS _2nd_ DAY OF _April_ , 2023.

STATE OF LOUISIANA

WILLIAM J. CASH JR.
LIC. No. 4498
LICENSED
PROFESSIONAL
LAND SURVEYOR

*William J. Cash*

WILLIAM J. CASH JR., PLS #4498
ENCOMPASS SERVICES, LLC / FIRM NO. 0000720
14800 ST. MARY'S LANE, STE. 230, HOUSTON, TX. 77079 (832) 791-4800

TOTAL LENGTH PROPOSED CENTERLINE: 2,156.42 FEET = 130.69 RODS
PERMANENT SERVITUDE: 107,821 SQ. FT. = 2.48 AC.
TEMPORARY SERVITUDE: 103,232 SQ. FT. = 2.38 AC.
ADDITIONAL TEMP. SERVITUDE: 74,111 SQ. FT. = 1.70 AC.
TEMPORARY ACCESS SERVITUDE: 19,875 SQ. FT. = 0.46 AC.
TOTAL LENGTH TEMPORARY ACCESS CENTERLINE: 993.77 FEET = 60.23 RODS

## TC LOUISIANA INTRASTATE PIPELINE, LLC

| 1 | 03/31/23 | JLS | NAME CHANGE | WJC |
| 0 | 01/62/23 | ES | ISSUED FOR ACQUISITION | WJC |
| | DATE | | DESCRIPTION | CHK. |

TROY CONSTRUCTION, INC. - GILLIS ACCESS PROJECT
MARCUS JOSEPH POUSSON, ET AL
JEFFERSON DAVIS PARISH, LOUISIANA

| ENCOMPASS SERVICES LLC | DRAWN BY: ES | DATE 03/31/23 | DWG. NO. |
| | DESIGN BY: ES | DATE 03/31/23 | 600334802 |

Certified True
And Correct
Copy
Posted: 0000002259
Richard M. Arceneaux
Jefferson Davis Parish Clerk of Court
Date:
9/08/2023 10:24 AM
JEFFERSON DAVIS PARISH
CLERK OF COURT

COB: 737191 | Page: 8, Filed: 6/29/2023 9:38:26 AM [jeffersondavis DR]

**EXHIBIT "B"**

## JEFFERSON DAVIS PARISH, LOUISIANA
### SECTION 28, TOWNSHIP 9 SOUTH, RANGE 4 WEST

BEING A CENTERLINE DESCRIPTION OF A FIFTY (50) FOOT WIDE PROPOSED SERVITUDE AND RIGHT-OF-WAY, LOCATED IN SECTION 28, TOWNSHIP 9 SOUTH, RANGE 4 WEST, JEFFERSON DAVIS PARISH, LOUISIANA, BEING OUT OF AND A PART OF A TRACT OF LAND, CALLED 72.66 ACRES, AS DESCRIBED IN DEED UNTO MARCUS JOSEPH POUSSON, ET AL, AS RECORDED IN ENTRY NO. 730736 DEED OF THE DEED RECORDS, JEFFERSON DAVIS PARISH, LOUISIANA; SAID CENTERLINE BEING MORE PARTICULARLY DESCRIBED AS FOLLOWS (BEARINGS AND DISTANCES CITED HEREIN ARE GRID BASED ON THE LOUISIANA STATE PLANES COORDINATE SYSTEM, SOUTHERN ZONE, NAD 83):

COMMENCING FROM THE NW CORNER OF SAID SECTION 28 (N 030°14'48.63", W 092°47'31.17");

THENCE, S 73°19'35" E, A DISTANCE OF 2,156.42 FEET TO THE POINT OF BEGINNING (N 030°14'43.09", W 092°47'08.85") OF THE HEREIN DESCRIBED PROPOSED SERVITUDE;

THENCE, S 18°27'38" E, A DISTANCE OF 2,156.42 FEET TO THE POINT OF TERMINATION (N 030°14'22.93", W 092°27'00.77") OF THE HEREIN DESCRIBED PROPOSED SERVITUDE, FROM WHICH THE SE CORNER OF SAID SECTION 28 (N 030°13'56.05", W 092°46'30.10") BEARS S 44°01'06" E, A DISTANCE OF 3,822.18 FEET;

THE SIDE LINES OF SAID PROPOSED SERVITUDE ARE LENGTHENED OR SHORTENED TO MEET AT ANGLE POINTS AND TO TERMINATE ON SAID PARCEL BOUNDARY LINES.

THE TOTAL LENGTH OF THE ABOVE DESCRIBED SURVEY LINE IS 2,156.42 FEET (130.69 RODS), WITH THE PROPOSED SERVITUDE CONTAINING AN AREA OF 107,821 SQUARE FEET OR 2.48 ACRES OF LAND, MORE OR LESS.



**MB&K** **MUDD BRUCHHAUS & KEATING, LLC**
LAW FIRM

Chad E. Mudd
David P. Bruchhaus
Matthew P. Keating
Wesley A. Romero

Jamie C. Gary
Lenzi C. Hebert
Elliott C. Cassidy
M. Keith Prudhomme

www.lakecharleslawfirm.com | Phone: (337)562-2327 | Fax: (337)562-2391
422 E. College St., Suite B | Lake Charles | LA 70605

December 11, 2023

*VIA REGULAR MAIL*

Honorable Richard Arceneaux
Clerk of Court, 31st JDC
Courthouse
300 State Street
Jennings, LA 70546

RE:    *Marcus Pousson and Gabriel Pousson vs.*
       *TC Louisiana Intrastate Pipeline, LLC, et al.*
       31st JDC, Parish of Jefferson Davis, Louisiana

Dear Mr. Arceneaux:

Please find enclosed an original and three (3) copies of a Petition for Damages along with a Commissioner of Insurance Form. Please file the originals, return a conformed copy to me, and serve the remaining copies on the Defendants as outlined in the Petition.

I have included a check in the amount of $850.00 for services rendered.

Please call with any questions.

With kind regards, I remain

Sincerely Yours,

DAVID P. BRUCHHAUS

DPB/blb
Enclosures

cc:    Marcus Pousson *(via email)*
       Gabriel Pousson *(via email)*

FILED THIS 15 DAY
OF December 20 23
DY CLERK OF COURT
JEFFERSON DAVIS PARISH

# CITATION

MARCUS POUSSON & GABRIEL POUSSON

PLAINTIFF

VS.

TC LOUISIANA INTRASTATE PIPELINE LLC &
TROY CONSTR

DEFENDANT

NO.  C-067023

31st JUDICIAL DISTRICT COURT
PARISH OF JEFFERSON DAVIS
STATE OF LOUISIANA

**TO: T C LOUISIANA INTRASTATE PIPELINE LLC, THROUGH ITS AGENT FOR SERVICE OF PROCESS, C/O CORPORATION SERVICE CO., 450 LAUREL ST 8TH FLR, BATON ROUGE, LA 70801**

**YOU HAVE BEEN SUED.**

Attached to this citation is a certified copy of the petition.*  The petition tells you what you are being sued for.  You must EITHER do what the petition asks OR, within TWENTY-ONE (21) DAYS after you have received these documents, you must file an answer or other legal pleadings, in writing, in the office of the Clerk of this Court at the Court House, 300 State Street, Jennings, Louisiana.

If you do not do what the petition asks, or if you do not file an answer or legal pleading within TWENTY-ONE (21) DAYS, a judgment may be entered against you without further notice.

This citation was issued by the Clerk of Court for Jefferson Davis Parish, on the **15th day of December, 2023.**

ATTORNEY:                              BY:

**DAVID P BRUCHHAUS**
**ATTORNEY AT LAW**
**422 E COLLEGE ST, STE B**
**LAKE CHARLES, LA 70605**
**337-562-2327**

Deputy Clerk of Court

Returned & Filed
_____, 20____
_____
DEPUTY CLERK

*Also attached are the following documents:

☐ INTERROGATORIES      ☐ REQUEST FOR ADMISSION OF FACTS      ☐ OTHER

COPY FOR RECORD

# CITATION

MARCUS POUSSON & GABRIEL POUSSON

PLAINTIFF

VS.

TC LOUISIANA INTRASTATE PIPELINE LLC &
TROY CONSTR

DEFENDANT

NO.___C-067023_____

31st JUDICIAL DISTRICT COURT
PARISH OF JEFFERSON DAVIS
STATE OF LOUISIANA

**TO: ___TROY CONSTRUCTION LLC TX, THROUGH ITS AGENT FOR SERVICE OF PROCESS,
CORPORATION SERVICE CO., 450 LAUREL ST 8TH FLR, BATON ROUGE, LA 70801**

**YOU HAVE BEEN SUED.**

Attached to this citation is a certified copy of the petition.*  The petition tells
you what you are being sued for.  You must EITHER do what the petition asks OR, within
TWENTY-ONE (21) DAYS after you have received these documents, you must file an answer or
other legal pleadings, in writing, in the office of the Clerk of this Court at the Court
House, 300 State Street, Jennings, Louisiana.

If you do not do what the petition asks, or if you do not file an answer or legal
pleading within TWENTY-ONE (21) DAYS, a judgment may be entered against you without
further notice.

This citation was issued by the Clerk of Court for Jefferson Davis Parish, on the
**15th day of December, 2023.**

ATTORNEY:

**DAVID P BRUCHHAUS
ATTORNEY AT LAW
422 E COLLEGE ST, STE B
LAKE CHARLES, LA 70605
337-562-2327**

BY:

_____

Deputy Clerk of Court

Returned & Filed

_____, 20____

_____
DEPUTY CLERK

*Also attached are the following documents:

☐ INTERROGATORIES      ☐ REQUEST FOR ADMISSION OF FACTS      ☐ OTHER

COPY FOR RECORD

*CLERK OF COURT*
*JEFFERSON DAVIS PARISH*

Richard M. Arceneaux          P.O. Box 799          Angie Sturcken
Clerk of Court          Jennings, Louisiana          Chief Deputy
                        (337) 824-1160

December 15, 2023

EAST BATON ROUGE PSH SHERIFF
P O BOX 3277
BATON ROUGE, LA 70821

RE:      MARCUS POUSSON & GABRIEL POUSSON
         VS. NO.  C-067023
         TC LOUISIANA INTRASTATE PIPELINE LLC & TROY CONSTR

DEAR SHERIFF:

I AM HEREWITH ENCLOSING ____ **TWO (2) CITATIONS WITH CERTIFIED PETITION FOR BREACH OF CONTRACT**

IN THE ABOVE MATTER AND ASK THAT YOU SERVE:
 **1. TROY CONSTRUCTION LLC TX, THROUGH ITS AGENT FOR SERVICE OF PROCESS, CORPORATION SERVICE CO., 450 LAUREL ST 8TH FLR, BATON ROUGE, LA 70801**
**2. T C LOUISIANA INTRASTATE PIPELINE LLC, THROUGH ITS AGENT FOR SERVICE OF PROCESS, C/O CORPORATION SERVICE CO., 450 LAUREL ST 8TH FLR, BATON ROUGE, LA 70801**

_X_  ENCLOSED IS PAYMENT FOR YOUR SERVICES: _CK#10296 (EBR SHERIFF $80.88)_

___ PLEASE FORWARD YOUR STATEMENT FOR COST OF SERVICE

___ PLEASE NOTE THAT THIS IS A PAUPER/CRIMINAL MATTER.

THANKING YOU IN ADVANCE FOR YOUR KIND ATTENTION IN THIS MATTER, I REMAIN,

YOURS VERY TRULY,
**RICHARD M. ARCENEAUX, CLERK OF COURT**

BY: _Alayna Klumpp_
    DEPUTY CLERK

# CITATION

MARCUS POUSSON & GABRIEL POUSSON

PLAINTIFF

VS.

TC LOUISIANA INTRASTATE PIPELINE LLC &
TROY CONSTR

DEFENDANT

**NO.** C-067023

31st JUDICIAL DISTRICT COURT
PARISH OF JEFFERSON DAVIS
STATE OF LOUISIANA

**TO: T C LOUISIANA INTRASTATE PIPELINE LLC, THROUGH ITS AGENT FOR SERVICE OF PROCESS, C/O CORPORATION SERVICE CO., 450 LAUREL ST 8TH FLR, BATON ROUGE, LA 70801**

**YOU HAVE BEEN SUED.**

Attached to this citation is a certified copy of the petition.* The petition tells you what you are being sued for. You must EITHER do what the petition asks OR, within TWENTY-ONE (21) DAYS after you have received these documents, you must file an answer or other legal pleadings, in writing, in the office of the Clerk of this Court at the Court House, 300 State Street, Jennings, Louisiana.

If you do not do what the petition asks, or if you do not file an answer or legal pleading within TWENTY-ONE (21) DAYS, a judgment may be entered against you without further notice.

This citation was issued by the Clerk of Court for Jefferson Davis Parish, on the **15th day of December, 2023.**

ATTORNEY:

BY: _Alayna Klumpp_

Deputy Clerk of Court

**DAVID P BRUCHHAUS**
**ATTORNEY AT LAW**
**422 E COLLEGE ST, STE B**
**LAKE CHARLES, LA 70605**
**337-562-2327**

Returned & Filed
_January 3_, 20_24_
_Chelsu Fontenot_
DEPUTY CLERK

*Also attached are the following documents:

☐ INTERROGATORIES    ☐ REQUEST FOR ADMISSION OF FACTS    ☐ OTHER

| **PERSONAL** | **DOMICILIARY** |
|---|---|
| I served the original citation or other process and a certified copy of the accompanying petition on the day of _____, 20____ on the within named, _____ in the Parish of _____ State of Louisiana, by tendering the same to _____ in **Person** at _____ or the agent/atty., _____ in **Person** at _____ | I served the original citation or other process and a certified copy of the accompanying petition on the _____ day of _____, 20____ on the within named _____ at his dwelling house or usual place of **DOMICILE** at _____ by leaving same with _____ a person of suitable age and discretion residing therein as a member of within named person's domiciliary establishment. |
| Deputy Sheriff $_____ | Deputy Sheriff $_____ |
| **SECRETARY OF STATE** | **DUE AND DILIGENT** |
| I served the original citation or other process and a certified copy of the accompanying petition on the _____ day of _____, 20____ on the within named party in the Parish of East Baton Rouge, State of Louisiana, by tendering same to the within named, through the Secretary of State of the State of Louisiana, by handing same to _____ _____, in **PERSON**. | I received the original citation or other process and a certified copy of the accompanying petition on the _____ day of _____, 20____ After diligent search and inquiry I was unable to find the within named _____ or his domicile, or anyone legally authorized to represent him. Therefore, return original citation or other process NOT SERVED this _____, 20____ |
| Deputy Sheriff $_____ | Deputy Sheriff $_____ |

_I made ser... the named process and a certified copy of th... by tender... a copy... CORPORATION SERVICE COMPANY on DEC ... 2023 ... Therefore, return original citation ... certified petition ... Parish of East Baton Rouge, Louisiana ... FATAFOLA #0577 ... ppd_

# CITATION

MARCUS POUSSON & GABRIEL POUSSON

                                     PLAINTIFF

               VS.

TC LOUISIANA INTRASTATE PIPELINE LLC &
TROY CONSTR

                                  DEFENDANT

**NO.  C-067023**

31st JUDICIAL DISTRICT COURT
PARISH OF JEFFERSON DAVIS
STATE OF LOUISIANA

**TO:   TROY CONSTRUCTION LLC TX, THROUGH ITS AGENT FOR SERVICE OF PROCESS, CORPORATION SERVICE CO., 450 LAUREL ST 8TH FLR, BATON ROUGE, LA 70801**

   **YOU HAVE BEEN SUED.**

     Attached to this citation is a certified copy of the petition.*  The petition tells you what you are being sued for.  You must EITHER do what the petition asks OR, within TWENTY-ONE (21) DAYS after you have received these documents, you must file an answer or other legal pleadings, in writing, in the office of the Clerk of this Court at the Court House, 300 State Street, Jennings, Louisiana.

     If you do not do what the petition asks, or if you do not file an answer or legal pleading within TWENTY-ONE (21) DAYS, a judgment may be entered against you without further notice.

     This citation was issued by the Clerk of Court for Jefferson Davis Parish, on the **15th day of December, 2023.**

ATTORNEY:

**DAVID P BRUCHHAUS
ATTORNEY AT LAW
422 E COLLEGE ST, STE B
LAKE CHARLES, LA 70605
337-562-2327**

BY: *Alcyana Klumpp*

          Deputy Clerk of Court

Returned & Filed
*January 3*, 20 _24_
*Chelleu Fontenot*
        DEPUTY CLERK

*Also attached are the following documents:

[ ] INTERROGATORIES    [ ] REQUEST FOR ADMISSION OF FACTS    [ ] OTHER

---

| PERSONAL | DOMICILIARY |
|---|---|
| I served the original citation or other process and a certified copy of the accompanying petition on the ___ day of _____, 20____ on the within named, _____ in the Parish of _____ State of Louisiana, by tendering the same to _____ in **Person** at _____ or the agent/atty., _____ in **Person** at _____ | I served the original citation or other process and a certified copy of the accompanying petition on the ___ day of _____, 20_____ on the within named _____ at his dwelling house or usual place of **DOMICILE** at _____ by leaving same with _____ a person of suitable age and discretion residing therein as a member of within named person's domiciliary establishment. |
| _____ Deputy Sheriff $_____ | _____ Deputy Sheriff $_____ |
| **SECRETARY OF STATE** | **DUE AND DILIGENT** |
| I served the original citation or other process and a certified copy of the accompanying petition on the ___ day of _____, 20____ on the within named party in the Parish of East Baton Rouge, State of Louisiana, by tendering same to the within named, through the Secretary of State of the State of Louisiana, by handing same to _____ _____ _____, in **PERSON**. | I received the original citation or other process and a certified copy of the accompanying petition on the ___ day of _____, 20____. After diligent search and inquiry, I was unable to find the within named _____ or his domicile or anyone legally authorized to represent him and, therefore, return original citation or other process and accompanying certified petition **NOT SERVED** this _____ day of _____, 20____ |
| _____ Deputy Sheriff $_____ | _____ Deputy Sheriff $_____ |